THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>EDGAR OLIVAS-ARMENTA,<br><br>　　　　　　　　　Defendant. | CASE NO. CR20-0137-JCC-6<br><br>ORDER |

This matter comes before the Court on the Government's motion to dismiss the charges against Edgar Olivas-Armenta without prejudice (Dkt. No. 136) and Mr. Olivas-Armenta's motion to dismiss the charges with prejudice (Dkt. No. 138).[1] Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the Government's motion, DENIES Mr. Olivas-Armenta's motion, and DISMISSES the charges without prejudice for the reasons explained herein.

**I.　BACKGROUND**

On August 26, 2020, Defendant Edgar Olivas-Armenta was indicted on charges of conspiracy to distribute methamphetamine, heroin, and fentanyl; possession of heroin with the

---

[1] Although Mr. Olivas-Armenta characterizes this document as a "response" to the Government's motion, the Court construes it as a motion because it affirmatively seeks alternative relief.

intent to distribute; and possession of methamphetamine and heroin with the intent to distribute. (Dkt. No. 1 at 1–2, 9, 11–12.) Several weeks later, Magistrate Judge Peterson ordered Mr. Olivas-Armenta released on an appearance bond. (Dkt. Nos. 115, 127, 128.) Because he was subject to an ICE detainer, the Government transferred Mr. Olivas-Armenta to ICE custody rather than releasing him into the community. (Dkt. Nos. 136 at 2, 138 at 2.) A few weeks later, the United States removed Mr. Olivas-Armenta to Mexico. (Dkt. Nos. 136 at 2, 138 at 3.) The Government then moved to dismiss the charges against Mr. Olivas-Armenta without prejudice. (Dkt. No. 136.) Mr. Olivas-Armenta agrees that the Court should dismiss the charges but argues that the Court should dismiss them with prejudice. (Dkt. No. 138.)

## II.   DISCUSSION

Relying on a recent opinion from the District of Arizona, Mr. Olivas-Armenta argues that the Court should dismiss the charges with prejudice because the Government violated his constitutional rights to counsel, speedy trial, and confrontation. (*Id.* at 3); *see United States v. Munoz-Garcia*, 455 F. Supp. 3d 915 (D. Ariz. 2020). Assuming without deciding that *Munoz-Garcia* was correctly decided, there is a key difference between this case and *Munoz-Garcia*: the Government has moved to dismiss the charges here. (Dkt. No. 136.)

In *Munoz-Garcia*, the court ordered the defendant released under the Bail Reform Act, and the Government then transferred her to immigration detention and removed her to Mexico. *Munoz-Garcia*, 455 F. Supp. 3d at 917–18. Even so, the Government sought to maintain the pending charges. *Id.* at 922. The Court ultimately dismissed the charges because the "prosecutorial process . . . violated a federal constitutional or statutory right." *See id.* at 918 (quoting *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991)). Specifically, the Government's decision to remove Ms. Munoz-Garcia while simultaneously maintaining the charges against her violated her Sixth Amendment right to communicate with her counsel to prepare for trial and her statutory rights under the Speedy Trial Act. *Id.* at 920. Here, by contrast, the Government does not seek to continue the prosecution and has already moved to dismiss the

charges against Mr. Olivas-Armenta. (Dkt. No. 136.) Therefore, the Government is not engaging in the same conduct here that it did in *Munoz-Garcia*.

Even if the Court were to assume that the Government violated Mr. Olivas-Armenta's constitutional rights to counsel, confrontation, and speedy trial, Mr. Olivas-Armenta fails to explain how dismissal *without* prejudice is an insufficient remedy. *See Munoz-Garcia*, 455 F. Supp. at 918 ("Dismissal of charges 'is appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right *and no lesser remedial action is available*.'") (emphasis added) (quoting *Barrera-Moreno*, 951 F.2d at 1092). When presented with a choice between allowing the Government to maintain the prosecution or dismiss with prejudice, the *Munoz-Garcia* court chose to dismiss with prejudice. But the court did not offer any explanation for why dismissal without prejudice would not suffice. Here, the Court does not face that choice and concludes that dismissal without prejudice would sufficiently remedy these alleged constitutional violations.

Therefore, the Court concludes that dismissal without prejudice is appropriate in this case regardless of whether *Munoz-Garcia* was correctly decided and regardless of whether the Government violated Mr. Olivas-Armenta's rights by deporting him.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's motion (Dkt. No. 136), DENIES Mr. Olivas-Armenta's motion (Dkt. No. 138), and DISMISSES the charges against Defendant Edgar Olivas-Armenta without prejudice.

DATED this 4th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE